IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RENEGADE TECHNOLOGY GROUP, INC., and APACHE ATM FUND, LLC, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:04-CV-2126-L |
| CASH USA INC., et al., | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Texas Health Resources Credit Union's Motion to Stay Proceedings and/or Compel Arbitration, filed March 10, 2005; and the matter of Plaintiffs' non-compliance with the court's order for Plaintiffs to retain counsel. For the reasons stated herein, the court **grants** Defendant Texas Health Resources Credit Union's Motion to Stay Proceedings and/or Compel Arbitration**; dismisses without prejudice** all claims by and between Plaintiffs and Texas Health Resources Credit Union in favor of arbitration. In light of Plaintiffs' failure to retain counsel as ordered, the court **strikes** Plaintiffs' First Amended and Supplemental Complaint; **dismisses with prejudice** Plaintiffs' claims as to the remaining Defendants; and **strikes** Plaintiffs' defenses to Defendants' counterclaim.

### I.     The Motion to Stay Proceedings and/or Compel Arbitration

Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, the motion to stay proceedings and/or compel arbitration was referred to the United States magistrate judge for proposed findings and recommendation. On May 17, 2005, the Findings and

**Memorandum Opinion and Order - Page 1**

Recommendation of the United States Magistrate Judge ("Report") were filed. The parties did not file objections to the Report.

The magistrate judge found that all claims by and between Plaintiffs Renegade Technology Group, Inc. ("Renegade") and Apache ATM Fund, LLC ("Apache") (collectively "Plaintiffs") and Defendant Texas Health Resources Credit Unit ("THR") are subject to arbitration. Report at 6. The magistrate judge further determined that the claims should be dismissed rather than stayed. *Id.* The magistrate judge recommended that THR's motion to compel arbitration should be granted, and "all claims by and between Renegade and THR should be dismissed in favor of arbitration." *Id.* at 7.

Having reviewed the pleadings, file and record in this case, and the findings and recommendation of the magistrate judge, the court determines that the findings of the magistrate judge are correct, and they are accepted as those of the court. Accordingly, Defendant Texas Health Resources Credit Union's Motion to Stay Proceedings and/or Compel Arbitration is **granted**. All claims by and between Plaintiffs and THR are **dismissed without prejudice** in favor of arbitration.

## II.     Plaintiffs' Failure to Retain Counsel

On June 2, 2005, the court granted counsel for Plaintiffs' Motion to Withdraw as Counsel of Record, and ordered Plaintiffs to retain new counsel by July 5, 2005, and cause counsel to enter a written appearance with the clerk of this court. The court advised Plaintiffs that if they failed to comply, their claims would be dismissed without further notice, and that the court would take such action, such as entry of an order of dismissal or default judgment, as applicable and necessary, in accordance with the law.

To date Plaintiffs have not retained counsel. In federal court, a corporation is not permitted to proceed *pro se*. "The 'clear' rule is 'that a corporation as a fictional legal person can only be

**Memorandum Opinion and Order - Page 2**

represented by licensed counsel.'" *Donovan v. Road Rangers Country Junction, Inc.,* 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam) (quoting *K.M.A., Inc., v. General Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1982)). When a corporation declines to hire counsel to represent it, the court may properly dismiss its claims, if it is a plaintiff, or strike its defenses, if it is a defendant. *See id.* Despite the clear mandate from this court directing Plaintiffs to retain counsel, Plaintiffs failed or refused to do so. Accordingly, the court **strikes** Plaintiffs' First Amended and Supplemental Complaint, filed December 23, 2004, for failure to follow the court's order to retain counsel, and **dismisses** Plaintiffs' claims **with prejudice**.

Defendants Cash USA, Inc.("Cash"), Dallas ATM Management Services, Inc. ("Dallas ATM"), Jerry Gregory, Linda Gregory, Ginger Bramlett, Janet Hisle, Kay Gregory, and Susan Bally have filed a counterclaim to which Plaintiffs have answered. The court **holds** Plaintiffs in default in this regard, and **strikes** Plaintiffs' defenses to the counterclaim for Plaintiffs' failure to adhere to the court's order to retain counsel. Accordingly, the only remaining issue is for these Defendants to prove up their damages, if any, to which they are entitled. The court **orders** Defendants to inform it by **August 19, 2005**, whether they can prove up their damages, if any, by affidavit, declarations, and exhibits, or whether a hearing is necessary to determine the issue of damages.

**It is so ordered** this 10th day of August, 2005.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge