IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RENEGADE TECHNOLOGY GROUP, INC., and APACHE ATM FUND, LLC, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:04-CV-2126-L |
| CASH USA INC., et al., | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Texas Health Resources Credit Union's Motion to Modify Memorandum Opinion and Order Entered August 10, 2005; For Entry of Default Judgment with Respect to Plaintiffs' Claim and Defendant's Counterclaim, filed August 19, 2005. After careful consideration, the court **denies** Defendant Texas Health Resources Credit Union's Motion to Modify Memorandum Opinion and Order Entered August 10, 2005; For Entry of Default Judgment with Respect to Plaintiffs' Claim and Defendant's Counterclaim.

### I. Background

On March 10, 2005, Texas Health Resources Credit Union ("THR") filed a motion to stay all proceedings in this action involving Plaintiffs and THR, and requested an order to compel arbitration of all claims asserted by and against Plaintiffs. The motion was referred to the United States magistrate judge for proposed findings and recommendation. On May 17, 2005, the Findings and Recommendation of the United States Magistrate Judge were filed. The magistrate judge found that all claims by and between Plaintiffs and THR are subject to arbitration. The magistrate judge recommended that THR's motion to compel be granted, and all claims by and between Plaintiffs and

THR be dismissed in favor of arbitration. On August 10, 2005, the court accepted the findings of the magistrate judge as those of the court. The court granted Defendant Texas Health Resources Credit Union's Motion to Stay Proceedings and/or Compel Arbitration; and dismissed without prejudice all claims by and between Plaintiffs and THR in favor of arbitration.[1] The court also struck Plaintiffs' First Amended and Supplemental Complaint and dismissed with prejudice Plaintiffs' claims against the remaining Defendants, Cash USA, Inc., Dallas ATM Management Services, Inc., Jerry Gregory, Linda Gregory, Ginger Bramlett, Janet Hisle, Kay Gregory, and Susan Bally, for Plaintiffs' failure to follow the court's order to retain counsel. *See* Memorandum Opinion and Order, August 10, 2005, Docket No. 35. The court also struck Plaintiffs' defenses to Defendants Cash USA and Dallas ATM's counterclaim, and held Plaintiffs in default with respect to the counterclaim. *Id.*

## II.     Discussion

THR requests the court to modify its opinion and order of August 10, 2005, dismiss all claims asserted against THR by Plaintiffs, and grant default judgment as to THR's counterclaim against Plaintiff. THR maintains that submitting this matter to arbitration would frustrate the purpose of the Federal Arbitration Act,[2] which is to "afford participants in transactions an

---

[1] By way of clarification, the order should have reflected that the court **denied** the motion to stay, **granted** the motion to compel, and **dismissed without prejudice** all claims by and between Plaintiffs and THR in favor of arbitration. Despite the confusing language, this action was **not** stayed as to THR, and the court **issues** this ruling *nunc pro tunc.*

[2] The Federal Arbitration Act ("FAA") provides, in pertinent part:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in

**Memorandum Opinion and Order - Page 2**

opportunity to secure prompt, economical and adequate solutions [to] controversies through arbitration." Motion at 5.

The court is unpersuaded by THR's arguments for its "about-face" from its previous position seeking arbitration; to its current position requesting that arbitration not take place. THR makes this request in light of the court's granting default judgment in favor of the other Defendants. In other words, THR wants to "piggyback" on an order that applied to defendants who were not subject to arbitration. Moreover, Plaintiffs are not in violation of any order as it pertains to THR. Plaintiffs are in default because of sanctions, not because they failed to answer or otherwise respond to THR's pleadings or motions. THR was the party who moved to compel arbitration. Even though Plaintiffs are in default because of a failure to comply with a court order, nothing in the record indicates that Plaintiffs would *now* waive arbitration. THR cites no authority that allows a party to reverse trend under these circumstances, and absent such authority, the court will not "unring the bell."

The Fifth Circuit has repeatedly emphasized the strong federal policy in favor of arbitration. *See Neal v. Hardee's Food Sys., Inc.,* 918 F.2d 34, 37 (5th Cir.1990). Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *See Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24-25 (1983); *Neal,* 918 F.2d at 37. Arbitration should not be denied "unless it can be said with positive assurance that [the] arbitration clause is not susceptible of an interpretation which would cover the dispute at issue." *Personal Sec. & Safety Sys., Inc. v. Motorola, Inc.*, 297 F.3d 388, 392 (5th Cir.2002) (quoting *Neal,* 918 F.2d at 37 (internal quotation marks omitted) (alteration in original)). As the court has previously determined that the arbitration

---

accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.

**Memorandum Opinion and Order - Page 3**

provision of the agreement between the parties should be enforced as written, THR's motion for the court to modify its opinion and order of August 10, 2005, and enter default judgment for THR should be denied.

## III.     Conclusion

For the reasons stated herein, the court **denies** Defendant Texas Health Resources Credit Union's Motion to Modify Memorandum Opinion and Order Entered August 10, 2005; For Entry of Default Judgment with Respect to Plaintiffs' Claim and Defendant's Counterclaim.

**It is so ordered this** 23rd of December, 2005.

Sam A. Lindsay
United States District Judge